UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Denise Carlon Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
Main Number: (609) 250-0700
dcarlon@kmllawgroup.com
Attorneys for DEUTSCHE BANK NATIONAL TRUST
COMPANY as Trustee for INDYMAC INDX MORTGAGE
LOAN TRUST 2007-AR7, MORTGAGE PASS-THROUGH
CERTIFICATES Series 2007-AR7

**Order Filed on October 9, 2024**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In Re:

Jose Tobar Valle

Debtor(s).

Case No: 23-15001 VFP

Chapter: 11

Judge: Vincent F. Papalia

## CONSENT ORDER RESOLVING OBJECTION
## TO CONFIRMATION OF CHAPTER 11 PLAN

The relief set forth on the following pages, numbered two (2) through five (5) is hereby
**ORDERED.**

**DATED: October 9, 2024**

_____

**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

**(Page 2)**
Debtosr:  Jose Tobar Valle
Case No:  23-15001-VFP
Caption of Order:  CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN
_____

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured

Creditor, Deutsche Bank National Trust Company, as Trustee for Indymac Indx Mortgage Loan Trust 2007-

AR7, Mortgage Pass-Through Certificates Series 2007-AR7, holder of a mortgage on real property known as

39 Condit Terrace, West Orange, NJ 07052, Denise Carlon, Esq. appearing, upon an objection to confirmation

of Debtor's Chapter 11 plan, and this Court having considered the representations of attorneys for Secured

Creditor and Erin Kennedy., attorney for Debtor, and for good cause having been shown,

IT IS **HEREBY ORDERED** as follows:

1.  Except as noted below, Creditor's legal, equitable, and contractual rights shall remain
    unchanged with respect to its security interest in the Property. Creditor's Claim shall be
    allowed in full in the Chapter 11 plan ("Plan"), and paid pursuant to the terms of the
    contractual loan documents.

2.  Debtor shall make regular contractual payments to Creditor ("Contractual Payments") in
    the amount of $3,713.42 per month commencing November 1, 2024 and continuing on the
    same day of each month thereafter until the outstanding balance owed on Creditor's Claim
    is paid in full. The amount of the Contractual Payment may be subject to change pursuant
    to the terms of the loan documents. The Contractual Payment includes an escrow impound
    for property taxes and/or insurance. This amount is subject to change pursuant to the terms
    of the subject loan. Creditor may apply the Contractual Payments to the subject loan
    consistent with the terms of the pre-petition loan documents and applicable law.

3.  As of October 1, 2024, the contractual arrears on the subject loan totaled $5,295.71
    ("Arrears").

4.  Debtor shall cure the Arrears in full on or before the Effective Date ("Cure Payment").

**(Page 3)**
Debtosr:  Jose Tobar Valle
Case No:  23-15001-VFP
Caption of Order:  CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN
_____

5.  The loan shall remain escrowed for taxes and hazard insurance. Debtor shall be responsible for making escrow payments ("Escrow Payments") to Creditor. The current monthly Escrow Payment as of November 1, 2024 is $1,379.89, which is subject to change pursuant to the terms of the loan documents and applicable law.

6.  Except as otherwise expressly provided herein, all remaining terms of the contractual loan documents shall govern the treatment of Creditor's claim.

7.  In the event the Debtor defaults on any of the provisions contained in this Stipulation prior to confirmation of the Plan, Creditor may send the Debtor and Debtor's counsel (if any) a written notice of default via U.S. mail ("Default Notice") outlining the amount owed "Default Amount"). If the Debtor fails to cure the Default Amount in full after the passage of fourteen (14) calendar days from the date of Default Notice, Creditor may file a Certificate of Non-Compliance and proposed Order Terminating the Automatic Stay. The above default provisions shall only apply prior to confirmation of the Plan. The automatic stay of 11 U.S.C. §362 shall terminate upon confirmation of the Plan by agreement of the parties. In the event the Debtor defaults on any of the above provisions after confirmation of the Plan, Creditor may proceed with default remedies under the loan documents and pursuant to applicable state law.

8.  The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

9.  Debtor understands that the subject loan may reflect a default while the Cure Payment is made. However, Creditor shall not proceed with default remedies under state law during the cure period provided that the payments are timely made. Creditor shall not be required

**(Page 4)**
Debtosr:  Jose Tobar Valle
Case No:  23-15001-VFP
Caption of Order:  CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN
_____

to release the loan from bankruptcy status until entry of a discharge, or the Debtor completes Cure Payments (whichever is later).

10. The above terms allow the Debtor to make Cure Payment to Creditor during the Plan. Confirmation of the Plan shall not constitute a reinstatement of the Subject Loan as of the Effective Date of the Plan. In the event of a default, Creditor shall proceed with default remedies as described herein. In the event Creditor previously recorded a Notice of Default, Notice of Sale, Judgment, or related foreclosure document, pursuant to applicable state law, based on a prior default under the Subject Loan, these documents shall remain in full force and effect in the event the Debtor defaults under this agreement. Nothing in this Stipulation shall be construed as a requirement to rescind a previously recorded foreclosure document. Nothing in this Stipulation shall be construed as a requirement to report the Subject Loan as contractually current to any third party, including credit agencies.

11. Except for provisions related to pre-confirmation matters, the terms of this Stipulation are contingent upon confirmation of the Debtor's Chapter 11 Plan. The terms of this Stipulation shall be incorporated into any Amended Plan and/or the Order of Confirmation. Debtor shall attach a copy of this Stipulation to any Amended Plan as an exhibit. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtor's Plan, the terms of this Stipulation shall control the treatment of Creditor's Claim. In the event Debtor fails to confirm a Plan, the terms of this Stipulation shall be void.

12. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Stipulation

**(Page 5)**
Debtosr:  Jose Tobar Valle
Case No:  23-15001-VFP
Caption of Order:  CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN
_____

shall be void and Creditor shall retain its lien in the full amount due under the note with

the right to unwind the above terms.

13. In the event the Debtor seeks to sell the Property prior to receipt of a discharge, the parties

shall retain all rights under 11 U.S.C. §363.

14. In the event the Debtor asserts that Creditor has failed to comply with the terms of this

Stipulation after an order is entered confirming the Debtor's Chapter 11 Plan of

Reorganization, which shall be no less than ninety (90) days from entry of a Confirmation

Order on the Plan, the Debtor shall be required to provide written notice via certified mail

of the alleged lack of compliance to Creditor and Creditor's corporate counsel, Aldridge

Pite, LLP at 3333 Camino Del Rio South, Suite 225, San Diego, CA 92108, indicating the

nature of the alleged lack of compliance. If Creditor fails to either remedy the alleged lack

of compliance and/or provide an explanation refuting the Debtor's allegation after the

passage of ninety (90) days from the date Creditor receives said written notice (the "Meet

and Confer Period") the Debtor may proceed with filing the appropriate motion in

bankruptcy court seeking Creditor's compliance.

15. It is further **ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to

confirmation and motion for relief from stay are hereby resolved.

**(Page 6)**
Debtosr:  Jose Tobar Valle
Case No:  23-15001-VFP
Caption of Order:  CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN
_____

I hereby agree and consent to the above terms and conditions:

*/s/ Denise Carlon, Esq.*

_____
DENISE CARLON, ESQ., ATTORNEY FOR CREDITOR      Dated: 10/7/2024

I hereby agree and consent to the above terms and conditions:

*/s/ Erin Kennedy, Esq.*

_____
ERIN KENNEDY, ESQ., ATTORNEY FOR DEBTOR         Dated: 10/7/2024