UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
Denise Carlon Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
Main Number: (609) 250-0700
dcarlon@kmllawgroup.com
Attorneys for NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING

Order Filed on October 9, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
Jose Tobar Valle

              Debtor(s).

Case No: 23-15001 VFP

Chapter: 11

Judge: Vincent F. Papalia

# CONSENT ORDER RESOLVING OBJECTION
# TO CONFIRMATION OF CHAPTER 11 PLAN

      The relief set forth on the following pages, numbered two (2) through five (5) is hereby **ORDERED.**

**DATED: October 9, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

(Page 2)
Debtosr:  Jose Tobar Valle
Case No:  23-15001-VFP
Caption of Order:  CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN
_____

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing, holder of a mortgage on real property known as 45 Llewellyn Avenue, West Orange, NJ 07052, Denise Carlon, Esq. appearing, upon an objection to confirmation of Debtor's Chapter 11 plan, and this Court having considered the representations of attorneys for Secured Creditor and Erin Kennedy., attorney for Debtor, and for good cause having been shown,

IT IS **HEREBY ORDERED** as follows:

1. Except as noted below, Creditor's legal, equitable, and contractual rights shall remain unchanged with respect to its security interest in the Property. Creditor's Claim shall be allowed in full in the Chapter 11 plan ("Plan"), and paid pursuant to the terms of the contractual loan documents.

2. Contractual Monthly Payments. Debtor shall make regular contractual payments to Creditor ("Contractual Payments") in the amount of $2,962.15 per month commencing November 1, 2024 and continuing on the same day of each month thereafter until the outstanding balance owed on Creditor's Secured Claim is paid in full in accordance with the Loan Documents. The amount of the Contractual Payment may be subject to change pursuant to the terms of the loan documents and or any updated escrow analysis conducted by the Creditor. Creditor may apply the Contractual Payments to the subject loan consistent with the terms of the pre-petition loan documents and applicable law.

3. Cure of Contractual Arrears. As of October 1, 2024, the contractual arrears on the subject loan totaled $107,119.39 ("Arrears"). Debtor shall cure the Arrears within 120 days of the Effective Date ("Cure Payment"). Creditor may apply the Cure Payments contractually to the subject loan.  If the Debtor seeks to sell or refinance the Property any time prior to

**(Page 3)**
Debtosr: Jose Tobar Valle
Case No: 23-15001-VFP
Caption of Order: CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN
_____

curing the contractual arrears as set forth herein, all outstanding Arrears must likewise be paid in full at the time of any such sale and/or refinancing. Further, Debtor understands confirmation of Debtor's Plan shall not constitute a reinstatement of the Loan as of the Effective Date, and the Loan will reflect a contractual default until Debtor cures the outstanding Arrears as set forth herein. In the event Creditor previously recorded a Notice of Default, Notice of Sale, Judgment, or related foreclosure document, pursuant to applicable state law, based on a prior default under the Subject Loan, these documents shall remain in full force and effect in the event the Debtor defaults under this agreement. Nothing in this Stipulation shall be construed as a requirement to rescind a previously recorded foreclosure document. Nothing in this Stipulation shall be construed as a requirement to report the Subject Loan as contractually current to any third party, including credit agencies.

4. <u>Default</u>. In the event the Debtor defaults on any of the provisions contained in this Stipulation <u>prior to confirmation of the Plan</u>, Creditor may send the Debtor and Debtor's counsel (if any) a written notice of default via U.S. mail ("<u>Default Notice</u>") outlining the amount owed "<u>Default Amount</u>"). If the Debtor fails to cure the Default Amount in full after the passage of fourteen (14) calendar days from the date of Default Notice, Creditor may file a Certificate of Non-Compliance and proposed Order Terminating the Automatic Stay. The above default provisions shall only apply prior to confirmation of the Plan. The automatic stay of 11 U.S.C. §362 shall terminate upon confirmation of the Plan by agreement of the parties. In the event the Debtor defaults on any of the above provisions

**(Page 4)**
Debtosr:  Jose Tobar Valle
Case No:  23-15001-VFP
Caption of Order:  CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN
_____

<u>after confirmation of the Plan</u>, Creditor may proceed with default remedies under the loan documents and pursuant to applicable state law.

5. The above terms allow the Debtor to make Cure Payments to Creditor during the Plan. Confirmation of the Plan shall not constitute a reinstatement of the Subject Loan as of the Effective Date of the Plan. In the event of a default, Creditor shall proceed with default remedies as described herein. In the event Creditor previously recorded a Notice of Default, Notice of Sale, Judgment, or related foreclosure document, pursuant to applicable state law, based on a prior default under the Subject Loan, these documents shall remain in full force and effect in the event the Debtor defaults under this agreement. Nothing in this Stipulation shall be construed as a requirement to rescind a previously recorded foreclosure document. Nothing in this Stipulation shall be construed as a requirement to report the Subject Loan as contractually current to any third party, including credit agencies.

6. Except for provisions related to pre-confirmation matters, the terms of this Stipulation are contingent upon confirmation of the Debtor's Chapter 11 Plan. The terms of this Stipulation shall be incorporated into any Amended Plan and/or the Order of Confirmation. Debtor shall attach a copy of this Stipulation to any Amended Plan as an exhibit. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtor's Plan, the terms of this Stipulation shall control the treatment of Creditor's Claim. In the event Debtor fails to confirm a Plan, the terms of this Stipulation shall be void.

7. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Stipulation

**(Page 5)**
Debtosr:  Jose Tobar Valle
Case No:  23-15001-VFP
Caption of Order:  CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN
_____

shall be void and Creditor shall retain its lien in the full amount due under the note with the right to unwind the above terms.

8. In the event the Debtor seeks to sell the Property prior to receipt of a discharge, the parties shall retain all rights under 11 U.S.C. §363.

9. In the event the Debtor asserts that Creditor has failed to comply with the terms of this Stipulation after an order is entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be no less than one hundred and twenty (120) days from entry of a Confirmation Order on the Plan, the Debtor shall be required to provide written notice via certified mail of the alleged lack of compliance to Creditor and Creditor's corporate counsel, Aldridge Pite, LLP at 3333 Camino Del Rio South, Suite 225, San Diego, CA 92108, indicating the nature of the alleged lack of compliance. If Creditor fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtor's allegation after the passage of one hundred and twenty (120) days days from the date Creditor receives said written notice (the "<u>Meet and Confer Period</u>") the Debtor may proceed with filing the appropriate motion in bankruptcy court seeking Creditor's compliance.

10. It is further **ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation and motion for relief from stay are hereby resolved.

**(Page 6)**
Debtosr:  Jose Tobar Valle
Case No:  23-15001-VFP
Caption of Order:  CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN

_____

I hereby agree and consent to the above terms and conditions:

*/s/ Denise Carlon, Esq.*
_____
DENISE CARLON, ESQ., ATTORNEY FOR CREDITOR     Dated:  10/7/2024


I hereby agree and consent to the above terms and conditions:

*/s/ Erin Kennedy, Esq.*
_____
ERIN KENNEDY, ESQ., ATTORNEY FOR DEBTOR     Dated: 10/7/2024

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 23-15001-VFP
Jose Tobar Valle  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2      User: admin      Page 1 of 2
Date Rcvd: Oct 09, 2024      Form ID: pdf903      Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol    Definition**
+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 11, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Jose Tobar Valle, 39 Condit Terrace, West Orange, NJ 07052-4811 |
| aty | + Forman Holt, 365 West Passaic Street, Suite 400, Rochelle Park, NJ 07662-3005 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 11, 2024      Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 9, 2024 at the address(es) listed below:

**Name**      **Email Address**

Danielle Cohen
    on behalf of Creditor CAMPBELL FOUNDRY COMPANY dcohen@tessercohen.com  jgalano@tessercohen.com

Denise E. Carlon
    on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR7  MORTGAGE PASS-THROUGH CERTIFICATES Series 2007-AR7 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Denise E. Carlon
    on behalf of Creditor NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com

Erin Kennedy
    on behalf of Plaintiff Jose Tobar Valle ekennedy@formanlaw.com  jkisla@formanlaw.com

Erin Kennedy

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Oct 09, 2024 | Form ID: pdf903 | Total Noticed: 2 |

on behalf of Debtor Jose Tobar Valle ekennedy@formanlaw.com  jkisla@formanlaw.com

Gavin Stewart

on behalf of Creditor Specialized Loan Servicing  LLC bk@stewartlegalgroup.com

Kenneth Borger, Jr

on behalf of Creditor LakeView Loan Servicing  LLC kborger@raslg.com

Matthew K. Fissel

on behalf of Creditor Wells Fargo Bank  N.A. wbecf@brockandscott.com, matthew.fissel@brockandscott.com

Michael A. Artis

on behalf of U.S. Trustee U.S. Trustee michael.a.artis@usdoj.gov

Rebecca K. McDowell

on behalf of Creditor First Bank rmcdowell@slgcollect.com  anovoa@slgcollect.com

Robert L. Saldutti

on behalf of Creditor First Bank rsaldutti@saldutticollect.com  lmarciano@saldutticollect.com;anovoa@slgcollect.com

Steven Eisenberg

on behalf of Creditor Caliber Home Loans  Inc. bkecf@sterneisenberg.com, jmcnally@sterneisenberg.com;skelly@sterneisenberg.com;bkecf@sterneisenberg.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea

on behalf of Creditor Selective Insurance Company of America vshea@mdmc-law.com  gbressler@mdmc-law.com

TOTAL: 14