| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>(201) 845-1000<br>Attorneys for Debtor<br>Erin J. Kennedy, Esq.<br>ekennedy@formanlaw.com | <br><br>**Order Filed on October 10, 2024**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In Re:<br><br>JOSE TOBAR-VALLE,<br><br>                     Debtor. | Case No.: 23-15001 (VFP)<br><br>Chapter 11<br><br>Judge: Hon. Vincent F. Papalia |

# FINDING OF FACTS, CONCLUSION OF LAW AND ORDER APPROVING AND CONFIRMING THE FOURTH MODIFIED COMBINED PLAN AND DISCLOSURE STATEMENT

The relief set forth on the following pages is hereby ORDERED.

**DATED: October 10, 2024**

                                                                         _____
                                                                         **Honorable Vincent F. Papalia**
                                                                           **United States Bankruptcy Judge**

F0227535 - 1

Upon Consideration of the Small Business Debtor's Fourth Modified Combined Plan of Reorganization and Disclosure Statement ("Fourth Modified Plan and Disclosure Statement") filed on August 1, 2024 [Doc. No. 129], which is attached hereto as Exhibit A, and (ii) the Certification of Balloting filed on behalf of the Debtor [Doc. No. 138]; and the court, by the Order Conditionally Approving Disclosure Statement, Setting Deadlines and Scheduling Confirmation Hearing entered on August 15, 2024 [Doc. No. 130] having conditionally approved the Fourth Modified Plan and Disclosure Statement; and the court having conducted the Confirmation Hearing on October 10, 2024 at 11:00 a.m. and considered, among other things, the Fourth Modified Plan and Disclosure Statement on a final basis and confirming the Debtor's Fourth Modified Plan and Disclosure Statement; and all objections and all reservations of rights (that have not been withdrawn, waived, or settled) pertaining to final approval of the disclosure statement and confirmation of the plan having been overruled on the merits; and a hearing having been held to consider final approval of the disclosure statement and confirmation of the plan (the "Confirmation Hearing"); and upon the evidence adduced and proffered and the arguments of counsel made at the Confirmation Hearing; and this Court having reviewed all documents in connection with confirmation of the Plan and having heard all parties desiring to be heard; and upon the record compiled in this Chapter 11 Case; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; this Court hereby makes the following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.     The findings and conclusions set forth herein and on the record during the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1) and the Amended Standing Order of Reference from the United States District Court for the District of New Jersey dated as of September 18, 2012. Venue of this proceeding and the Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L) and this Court may enter a final order hereon under Article III of the United States Constitution.

C. As evidenced by the Certification of Service [D.I. 132] filed on August 21, 2024, the Debtor caused the Ballots for the Fourth Modified Plan and Disclosure Statement to be distributed as required by Bankruptcy Code Sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Local Rules, all other applicable provisions of the Bankruptcy Code. Sufficient time was provided for creditors to accept or reject the Plan, and/or to object to final approval of the Disclosure Statement and/or confirmation of the Plan. Such transmittal and service were adequate and sufficient under the circumstances and no other or further notice is or shall be required.

D. The Debtor has agreed to modify the Plan as set forth in paragraph 4 of this Confirmation Order (the "Plan Modifications"), in the Consent Order Resolving Objection to Confirmation of Chapter 11 Plan entered into with NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") to resolve NewRez's objection to the plan, and in the Consent Order Resolving Objection to Confirmation of Chapter 11 Plan entered into with Deutsche Bank

National Trust Company as Trustee for Indymac Indx Mortgage Loan Trust 2007-AR7, Mortgage Pass-Through Certificates Series 2007-AR7 ("Deutsche Bank"), which modifications, in accordance with Bankruptcy Rule 3019, do not (i) affect the classification of Claims or adversely affect the treatment afforded Holders of Claims; (ii) constitute material modifications of the Original Plan under section 1127 of the Bankruptcy Code; (iii) cause the Original Plan to fail to meet the requirements of sections 1122 or 1123 of the Bankruptcy Code; (iv) adversely change the treatment of Holders of Claims who have accepted the Original Plan; or (v) require re-solicitation of acceptances or rejections from any such Holders nor do they require that any Holders be afforded an opportunity to change previously cast acceptances or rejections of the Original Plan.

    E.    The Plan complies with all of the applicable provisions of the Bankruptcy Code including, but not limited to: (i) the proper classification of Claims and Interests (Bankruptcy Code Sections 1122, 1123(a)(1)); (ii) the specification of Unimpaired Classes (Bankruptcy Code Section 1123(a)(2)); (iii) the specification of treatment of Impaired Classes (Bankruptcy Code Section 1123(a)(3)); (iv) the provision for the equal treatment of each Claim or Interest within a particular class (Bankruptcy Code Section 1123(a)(4)); (v) the provision for adequate and proper means of implementation (Bankruptcy Code Section 1123(a)(5)); and (vi) the inclusion of additional Plan provisions permitted to effectuate and implement the transactions contemplated by the Plan (Bankruptcy Code Section 1123(b)); and, thus, the Plan satisfies Bankruptcy Code Section 1129(a)(1).

    F.    As required by Bankruptcy Code Section 1129(a)(2), the Debtor has complied with the Bankruptcy Code, Bankruptcy Rules, Local Rules, all other rules, laws and regulations

applicable to such solicitation, and other orders of this Court. Thus, the Plan satisfies Bankruptcy Code Section 1129(a)(2).

G. The Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code and not by any means forbidden by law, thus satisfying Bankruptcy Code Section 1129(a)(3).

H. Any payments made or promised by the Debtor for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to approval of, this Court as reasonable, thus satisfying Bankruptcy Code Section 1129(a)(4).

I. The Debtor has complied with Section 1129(a)(5) by disclosing that the Plan payments will be made by the Debtor's adult children, Vanessa Tobar and Charles Tobar.

J. The provisions of Bankruptcy Code Section 1129(a)(6) are inapplicable to this Chapter 11 Case.

K. As evidenced by the Fourth Modified Plan and Disclosure Statement and at the Confirmation Hearing, each holder of a Claim or Interest in Classes 4 and 6 has either accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor liquidated under Chapter 7 of the Bankruptcy Code on such date. Thus, the Plan satisfies Bankruptcy Code Section 1129(a)(7).

L. Holders of Claims in Class 4 and 6 (the "Accepting Classes") have voted to accept the Plan. Holders of Claims in Class 1, Class 2, Class 3 and Class 5 (collectively, the "Deemed Accepting Classes") are not impaired under the Plan and, therefore are deemed to have

accepted the Plan under Bankruptcy Code Section 1126(f). Accordingly, the Plan satisfies Bankruptcy Code Section 1129(a)(8).

M.   Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Plan of the type specified in Bankruptcy Code Sections 507(a)(1) and 507(a)(3)-507(a)(8), if any, complies with the provisions of Bankruptcy Code Section 1129(a)(9).

N.   The Accepting Classes have voted to accept the Plan, determined without including any acceptances of the Plan by any insider. Thus, the Plan satisfies Bankruptcy Code Section 1129(a)(10).

O.   Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor, and the Plan provides for adequate means for its implementation; thus, the Plan satisfies the requirements of Bankruptcy Code Section 1129(a)(11).

P.   All U.S. Trustee Fees payable on or before the Effective Date, pursuant to United States Code title 28 Section 1930, shall be paid in full in Cash on or before the Effective Date. All fees payable after the Effective Date shall be paid in full in cash until the Chapter 11 Case is converted, dismissed, or closed, whichever occurs first. Notwithstanding anything to the contrary in the Fourth Modified Plan and Disclosure Statement, the U.S. Trustee shall not be required to file a request for Administrative Claims. Thus, the Plan satisfies Bankruptcy Code Section 1129(a)(12).

Q.   Bankruptcy Code Sections 1129(a)(13)-(14) are inapplicable to this Chapter 11 case.

R. No holder of an unsecured claim has objected to the confirmation of the plan, therefore Bankruptcy Code Section 1129(a)(15) is satisfied.

S. Bankruptcy Code Section 1129(a)(16) is inapplicable to this Chapter 11 case.

T. The other transactions contemplated pursuant to the Plan involving the transfer of Debtor's properties are essential elements of the Plan, proposed in good faith, and in the best interests of the Debtor, his Estate, all Holders of Claims, all Holders of Interests, and all other parties in interest. All of the documents to be executed and delivered in connection with such transactions were negotiated, proposed, and will be or have been entered into, in good faith, without collusion, and from arm's-length bargaining positions. All of such documents are, or will be, valid, binding, and enforceable agreements, and are not in conflict with any applicable federal or state law.

U. The conditions to the occurrence of the Effective Date in Article XIII of the Fourth Modified Plan and Disclosure Statement are reasonably likely to be satisfied or waived in accordance with the Plan.

V. With respect to any and all Executory Contracts of the Debtor that have not been assumed by the Debtor as of the Effective Date, such Executory Contracts will be rejected as of the Effective Date, which rejection is in the best interest of the Estate.

W. The Debtor has met his burden of proving the elements of Bankruptcy Code Sections 1129(a) by a preponderance of the evidence, which is the applicable evidentiary standard. This Court also finds that the Debtor has satisfied the elements of Bankruptcy Code Sections 1129(a) and (b) under the clear and convincing standard of proof.

X. As a result of the foregoing, the Plan satisfies all applicable confirmation requirements.

Y. Under the circumstances, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 7062(a) be waived.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. The Disclosure Statement is hereby approved on a final basis as containing adequate information within the meaning of Bankruptcy Code Section 1125. Any objections to the adequacy of the information contained in the Disclosure Statement or to final approval of the Disclosure Statement, or any reservations of rights thereto, to the extent not withdrawn, waived, or resolved herein, are hereby overruled and denied on the merits.

2. The Plan, as modified herein and by the Consent Order Resolving Objection to Confirmation of Chapter 11 Plan entered into with NewRez, the Consent Order Resolving Objection to Confirmation of Chapter 11 Plan entered into with Deutsche Bank, and by the Consent Order to be entered into Resolving the Objection to Confirmation of Plan by Wells Fargo Bank, N.A., is hereby confirmed pursuant to Bankruptcy Code Section 1129 (collectively, the "Plan Modifications"). The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order. Any objections to confirmation of the Plan, or any reservations of rights thereto, to the extent not withdrawn, waived, or resolved herein, are hereby overruled and denied on the merits. If there is any inconsistency between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

3. The Plan, including as modified by the Plan Modifications, satisfies section 1125 of the Bankruptcy Code without the need for re-solicitation.

F0227535 - 1                                8

4. To address the objections to the Plan, the Plan is modified to provide:

   a. The Tobars will continue to make monthly mortgage payments to the mortgage holders until the loans are paid in full.

   b. The Effective Date shall be thirty (30) days after the date on which the order of confirmation becomes final and non-appealable.

   c. Vanessa Tobar will serve as the Disbursing Agent, however, all funds being disbursed on the Effective Date and through the refinance of 472 Glebe Street, Orange, NJ will be disbursed through the Forman Holt Attorney Trust Account.

5. Subject to the provisions of the Fourth Modified Plan and Disclosure Statement, in accordance with Bankruptcy Code Section 1141(a), and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Fourth Modified Plan and Disclosure Statement and this Confirmation Order shall be binding upon, and inure to the benefit of: (i) the Debtor; (ii) any and all Holders of Claims or Interests (irrespective of whether the Holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan, or whether such Holders filed a proof of claim or interest); (iii) any other Entity giving, acquiring or receiving property under the Plan; (iv) any and all non-Debtor Parties to any Executory Contract; and (v) the respective Affiliates, officers, directors, agents, representatives, attorneys, successors or assigns, if any, of any of the foregoing.

6. The Debtor shall remain a debtor-in-possession under the Bankruptcy Code until the Effective Date. The Debtor is hereby authorized to wind up the Debtor's affairs and may

make distributions after the Effective Date in accordance with this Confirmation Order and the Plan.

7. On the Effective Date, all Executory Contracts of the Debtor not previously assumed are deemed rejected.

8. As of the Effective Date, the engagement of each Professional retained by the Debtor shall be terminated. Nothing herein shall prevent any of the Professionals retained by the Debtor from being compensated for actual and necessary fees and expenses incurred for work that would have also been compensable prior to the Effective Date relating to preparation, filing, prosecuting and objecting to Professional Fee Claims, and implementation of the Plan.

9. Holders of Administrative Claims and Professional Fee Claims, accruing through and including the Effective Date ("Final Administrative Claims"), shall File with the Bankruptcy Court and serve on parties in interest requests for payment, in writing, together with supporting documents, substantially complying with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, so as to actually be received on or before the Final Administrative Claim Bar Date, which shall be the date that is thirty (30) days after the date the Effective Date Notice is Filed. The Effective Date Notice shall set forth the Final Administrative Claim Bar Date and shall constitute notice of such Bar Date. Absent further Bankruptcy Court order, any Final Administrative Claim not Filed by the Final Administrative Claim Bar Date shall be deemed waived and the Holder of such Final Administrative Claim shall be forever barred from receiving payment on account thereof.

10. All applications for allowance and payment of Professional Fee Claims shall be filed on or before the Professional Fee Claims Bar Date, which shall be the date that is forty-five (45) days after the date the Effective Date Notice is filed. If an application for a Professional Fee Claim is not Filed by the Professional Fee Claims Bar Date, such Professional Fee Claim shall be deemed waived and the Holder of such Claim shall be forever barred from receiving payment on account thereof. The Effective Date Notice shall set forth the Professional Fee Claims Bar Date and shall constitute notice of such Bar Date. Objections to any Professional Fee Claims must be Filed and served on the Notice Recipients and the requesting party by no later than twenty-one (21) days after service of the applicable final application for allowance and payment of Professional Fee Claims. Allowed Professional Fee Claims shall be paid in full, in Cash, in such amounts as are Allowed by the Bankruptcy Court upon the earlier of (i) the Effective Date or (ii) five (5) Business Days following the date upon which an order relating to any such Allowed Professional Fee Claim is entered, and in each case, as soon as reasonably practicable.

11. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan. Each federal, state, commonwealth, local, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

12. The Debtor is hereby authorized to execute, deliver, file or record such documents, contracts, instruments, releases, and other agreements, and to take such other actions,

as may be necessary or appropriate to effectuate, implement, or further evidence the terms and conditions of the Plan.

13.     Pursuant to Bankruptcy Code Section 1146(a), any transfers of property under the Plan shall not be subject to any stamp tax or similar tax. Upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax and may accept for filing and recordation this Confirmation Order without the payment of any such tax, recordation fee, or governmental assessment.

14.     No Entity holding a Claim against, or Interest in, the Debtor may receive any payment from, or seek recourse against, any assets that are to be transferred or distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or this Confirmation Order. All injunctions or stays provided for in the Chapter 11 Case under Bankruptcy Code Sections 105 or 362, or otherwise, and in existence on the Confirmation Date (excluding any injunctions or stays contained in the Fourth Modified Plan and Disclosure Statement or the Confirmation Order), shall remain in full force and effect until the closing of the Chapter 11 Case, except as otherwise provided for in this order.

15.     The provisions of the Plan and this Confirmation Order shall be, and hereby are now, and forever afterwards, binding on the Debtor, all holders of Claims and Interests (whether or not impaired under the Plan and whether or not, if impaired, they accepted the Plan), any other

party in interest, any other party making an appearance in the Chapter 11 Case, and any other Entity affected thereby, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar officers, or any Entity claiming through or in the right of any such Entity.

16. Each term and provision of the Plan, as it may have been altered or interpreted by the terms of this Confirmation Order, is: (i) valid and enforceable pursuant to its terms; (ii) integral to the Plan; and (iii) non-severable and mutually dependent.

17. The Court hereby retains jurisdiction of the Chapter 11 Case and all matters arising under, arising out of, or related to, the Chapter 11 Case and Fourth Modified Plan and Disclosure Statement (i) as provided for in the Fourth Modified Plan and Disclosure Statement, (ii) as provided for in this Confirmation Order, and (iii) for the purposes set forth in Bankruptcy Code Sections 1127 and 1142.

18. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability or such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

19. The provisions of Federal Rules of Civil Procedure 62, as applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order. The period in which an appeal with respect to this Confirmation Order must be Filed shall commence immediately upon the entry of this Confirmation Order.

20. The Effective Date Notice, substantially in the form attached hereto as Exhibit A, is hereby approved. Pursuant to Bankruptcy Rule 2002(f)(7) and 3020(c), the Debtor shall File and serve the Effective Date Notice, no later than five (5) Business Days after the Effective Date.

21. Subject to the occurrence of the Effective Date, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, 8001 or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Plan and this Confirmation Order shall be, and hereby are, immediately effective and enforceable and deemed binding upon the Debtor, any and all other Holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under the Plan or whether the Holders of such Claims or Interests accepted, were deemed to have accepted, rejected or were deemed to have rejected, the Plan), any trustees or examiners appointed in the Chapter 11 Case, all Entities that are party to or subject to the settlements, compromises, releases, discharges, injunctions, stays and exculpations described in the Fourth Modified Plan and Disclosure Statement or herein, each Entity acquiring property under the Plan, any and all non-Debtor parties to Executory Contracts, and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, of any of the foregoing.

22. The Debtor is authorized to consummate the Plan at any time after the entry of the Confirmation Order. On the Effective Date and the commencement of Distributions under the Plan, the Plan shall be deemed to be substantially consummated within the meaning in Bankruptcy Code Section 1101 and pursuant to Bankruptcy Code Section 1127(b).

United States Bankruptcy Court
District of New Jersey

In re:   Case No. 23-15001-VFP
Jose Tobar Valle   Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2   User: admin   Page 1 of 2
Date Rcvd: Oct 11, 2024   Form ID: pdf903   Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol**    **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 13, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Jose Tobar Valle, 39 Condit Terrace, West Orange, NJ 07052-4811 |
| aty | + | Forman Holt, 365 West Passaic Street, Suite 400, Rochelle Park, NJ 07662-3005 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 13, 2024   Signature:   /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 10, 2024 at the address(es) listed below:

**Name**    **Email Address**

Danielle Cohen
    on behalf of Creditor CAMPBELL FOUNDRY COMPANY dcohen@tessercohen.com jgalano@tessercohen.com

Denise E. Carlon
    on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR7 MORTGAGE PASS-THROUGH CERTIFICATES Series 2007-AR7 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Denise E. Carlon
    on behalf of Creditor NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com

Erin Kennedy
    on behalf of Plaintiff Jose Tobar Valle ekennedy@formanlaw.com jkisla@formanlaw.com

Erin Kennedy

        on behalf of Debtor Jose Tobar Valle ekennedy@formanlaw.com jkisla@formanlaw.com

Gavin Stewart
        on behalf of Creditor Specialized Loan Servicing LLC bk@stewartlegalgroup.com

Kenneth Borger, Jr
        on behalf of Creditor LakeView Loan Servicing LLC kborger@raslg.com

Matthew K. Fissel
        on behalf of Creditor Wells Fargo Bank N.A. wbecf@brockandscott.com, matthew.fissel@brockandscott.com

Michael A. Artis
        on behalf of U.S. Trustee U.S. Trustee michael.a.artis@usdoj.gov

Rebecca K. McDowell
        on behalf of Creditor First Bank rmcdowell@slgcollect.com anovoa@slgcollect.com

Robert L. Saldutti
        on behalf of Creditor First Bank rsaldutti@salduttiollect.com lmarciano@salduttiollect.com;anovoa@slgcollect.com

Steven Eisenberg
        on behalf of Creditor Caliber Home Loans Inc. bkecf@sterneisenberg.com, jmcnally@sterneisenberg.com;skelly@sterneisenberg.com;bkecf@sterneisenberg.com

U.S. Trustee
        USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea
        on behalf of Creditor Selective Insurance Company of America vshea@mdmc-law.com gbressler@mdmc-law.com

TOTAL: 14